Good morning, Your Honors. Your Honor, I'm going to direct my attention to the second issue in this case. I think there is sufficient evidence that at least technical violations were established sufficient to establish that there were grounds to revoke supervised release. The issue, of course, was whether or not the punishment was excessive or whether or not there was error in the statement made by the assistant U.S. attorney when the argument was made as to what the fair punishment was. I'd point out to the Court — Well, there's no indication that he did, but I think if we look carefully at the record, at page 101 of the record, when he asked for the — after all the evidence had come in, he said, now we go to the issue of punishment. At that time, there had been no mention whatsoever of this state — of any investigation concerning what had happened in the state of Texas. None of the witnesses the government had presented, either Mr. Grillo, the agent, either the probation officer, or the lay witness that had been brought before the Court, had mentioned anything about the subsequent act. Now, the judge in deciding punishment has to consider a number of things. He turned to the defense counsel, and the defense counsel began in mitigation. He summed up a number of things. He brought up several things in the defendant's favor. Number one, there was no loss to any parties here. Number two, the defendant had recently suffered the loss of his father. The judge himself recognized that some of the violations were technical. There was no driver's license, but the defendant had only been out of prison for a few months and may not have had time to get that. He recognized that not being able to do the mental health counseling was a fairly insignificant violation because he just announced it. We do know the facts of the case. All right. The question you're addressing is, I asked you, there's no indication that the district judge relied on this. And you said, there's no indication, but. And I'm waiting to hear what the but is. Well Why don't you tell us what the but is, and then maybe you can explain. It'll be easier to understand where you're driving with this. Are you claiming that, in fact, the district court took it into account, even though not stating on the record? I mean, what point are you driving at?  And then you can tell me what the record reflects to support it. What point are you trying to make? I think inferentially we can determine that he relied on this by looking at the fact that. So what you're saying is even though the district court didn't list it as an item it relied on, we must infer that it relied on it anyway. That's the point you're trying to make, okay? Well, what I'm trying to do is I'm asking, I'm just trying to understand where you're going. Is that where you're going? What I'm trying to say is that what the district court did, it seems to me, after he had heard what the government said, the whole tone of the district court changed. And I'm reading from page 105 of the record. Okay. What line? I'm starting at line about 18. Okay. Go ahead. So one heck of an argument to be made that, um, the guidelines provision should be set aside and we should be looking at what possible maximum should be imposed, but, um, that hasn't been presented to the court. I'm uncomfortable in dealing with it. And perhaps there's some comfort in knowing that there's other violations that may be prosecuted here. Now, the court clearly is aware now that there's other violations that could be prosecuted here. The court didn't know that until the prosecutor brought that out. The court is now talking to you. Raising your voice about it doesn't make it any more emphatic. Well. It's pretty clear what the court is saying there is, I can't really take this other into account, but I feel sort of comforted in the fact that if he is guilty of these other things, he would be punished for these other things, this other proceeding. It seems to me if it says anything at all, what it says is that the district court is not taking into account and is relying on this other proceeding to take care of it. I don't see how we can read it any other way. Counsel, let's assume for the moment that he did take it into account. Then what do we want here? Do we want the defendant or the petitioner to come forward and say it wasn't so, put in some evidence to the fact that this wasn't taking place and he hadn't been involved in this other conduct that would lead to an investigation? You know, if it had been in a PSR, we would say you've got to come forward with something to show it's not true. No, I would want several remedies. Number one is I would say if the violation is egregious enough, the remedy would be simply to hold that the sentence that it should be remanded and the sentence should be, he should be given the minimum possible sentence because this was such an egregious violation. It cannot be corrected. I think what I heard Judge Fletcher asking is why was it a violation? Assuming this judge did consider it, why was it a violation? What should have happened instead? Well, what should have happened? I think it's the first step is was it a violation? To bring up evidence of another crime, to bring up evidence of an ongoing investigation when you did not put that in evidence, I think the government almost concedes that that was an error. If that's an error, the defense was blindsided by it, I think the government, for that misconduct Could have asked to put in evidence in a rebuttal of it and asked for more time if necessary to do that, to present evidence, that was an option, put, you know, asked the court whether if the court is going to consider this, would like a chance to submit contrary evidence. I mean, that was an option, wasn't it? We have rules in proceedings, though. I mean, the first time that I went down to family court, I was shocked because the lawyers just got up and talked and just started saying, this is what happened. And that's what happened here. Instead of presenting evidence before a court and following a proper procedure, a modicum of due process, what we have here is an attorney getting up and saying, oh, and by the way, Judge, if we don't have enough evidence here, we're going to bring we're also doing an investigation down in Dallas, Texas, about this individual. That's almost exactly the same as what happened before. Now, what could be more beneficial than that? How can we put this out of our mind? The U.S. attorney says it, rightly or wrongly, it comes out of his mouth. The question then is, what is the appropriate course of action? You can't very well say at this point that Judge can't sentence the defendant because the U.S. attorney shut off his mouth. What's the right course? What, what, what, what? To a different judge, which is what they did in the Albertson case. I don't think you're hearing my question. You are in district court now. The U.S. attorney, the assistant U.S. attorney has said this. Okay, maybe it was wrong for him to say it. I don't know whether it was or not, but I assume it was wrong for him to say it. What, I mean, what are you suggesting? What is it, what is the judge supposed to do in those circumstances? Do you say, okay, this is defendant present contrary evidence or? I mean, what, what, what, was the, was the defense raise an objection at that point? No, it didn't. I was not the attorney at that stage. Stop blaming me, I'm not blaming you. I think the attorney should have objected and should have made a strenuous objection and should have asked, number one, maybe for a new hearing in front of a different judge because once the judge had heard that, it could not be stricken from the judge's. Well, don't judges often hear inadmissible evidence gets in and then they strike it and they decide, they hear a motion to strike after the evidence comes in? Jury is instructed and we assume, you read the passage from the, from the transcript. He does say, make reference, there's some comfort in knowing that there's other violations that perhaps there's some comfort that maybe other violations that may be prosecuted here. I'm going to limit myself to this case. And then he goes on and he focuses on the guideline provisions. So what more should the judge do? I'm with, puzzled along with Judge Kaczynski is, are we to say that once the cat's out of the bag, then any due process requires any proceeding to be terminated, retried, put before another jury, if it's a jury case, before another judge if it's a bench trial, I'd say that's the end of it. Because once inadmissible, improper evidence comes before, there's no curative other than just starting all over again. I think if we find the violation serious enough, in order to stop this from happening, we have to send a message to the United States attorneys that it's improper and that sanctions, there are, there are numerous cases when there is egregious error that this Court has the inherent power to make a ruling that because the violation was serious enough and because the judge can't put it out of his mind, you can't do something. Unlike juries who are in the court. I don't think a judge has that ability. Let me just say one thing and I'll wrap it up. The judge in balancing case. You're over your time. All right. Can I just finish with one point? The judge in balancing mitigating and aggravating factors, he knows that the defendant has in the past done this mortgage fraud. He also knows that he was doing something here. To know that he was also continuing to do it is going to have a very strong impact on him. And I believe that when the U.S. attorney said this, after the defense counsel had made his closing pitch, when there was no evidence before the court, it was a kind of flagrant abuse that should not be tolerated. And this Court can send the message that it shouldn't be tolerated. Thank you. And I'll submit it. Good morning, Your Honors. I'm Brian Pugh. I represent the United States. If it please the Court. Were you the AUSA on this case? Yes, Your Honor, I was. So what's your response to the notion that when you blurt out out-of-court evidence like that and poison the judge's mind, if we simply tolerate it, you get away with improper conduct? Well, I have several responses to that, Your Honor. First of all, since receiving the appellant's brief, I've endeavored to find some case law that would indicate that what I did was wrong. All I found was United States 3661, which says 18 U.S.C. 3661, which says that there's no limitation on the information that the Court can consider at the time of sentencing. I also found that the court can consider that there's no limitation on the information Well, counsel, that may be, but I think this Court doesn't like that type of conduct. You should have given warning and you should have really gotten the evidence together and let them have an opportunity. And, Your Honor, I recognize in hindsight that it probably wasn't necessary and it may have been an error. And I agree with the Court that I don't know either whether or not it's an error. And for that reason, in my response brief, or my, I'm sorry, answer brief, I assumed that it was an error and went straight to the element of reliance, because there is no evidence of reliance in this case. The point that counsel for the appellant makes, that the Court said other violations that may be prosecuted here on page 105, it's important to note that that's what the judge says here. Mr. Buchanan, counsel below for the defendant, on page 90, stated that he was not calling the defendant and he was not calling Angela Baldinegro, his girlfriend, because they were the subject of the investigation, of an ongoing investigation relating to these very acts that caused the violation. So, therefore, when Judge Hicks is talking about, he takes some comfort in knowing that there may be further prosecution here. He's not talking about Dallas, Texas, where that other investigation was taking place. He's talking about the evidence that was presented before him that day. I'm sorry, the proffer that was presented before him that day. You know, I would think that generally a district judge would like to know what's his probation, particularly if he's looking at a probation violation. The real question is how best to present this evidence or this information while being fair to the other side and yet not keep the Court in the dark. And maybe the best way or one way to proceed might be to say there is some other investigation going on. If the Court would be interested in hearing about it, we can present evidence or maybe give some advance warning to the other side by filing something saying that there's evidence for another investigation and if the Court wants to consider it, the other side should be entitled to present evidence on the point. Because clearly other criminal activity is usually a supervised release violation. I mean, it's clearly something that the Court can take into account if it is properly presented. The problem here was raising it as an allegation without having proof, without giving the other side a chance to respond. On the other hand, the other side can ask for more time and sentencing hearings are often postponed when the other side says, wait a minute, we were surprised by this, we'd like a chance to present evidence to the contrary. And the Court can at that point say, no, look, I'm not going to take this into account, there's no need to present evidence, I'm not, you know. Or it can say, yes, this is something that I want to consider, let's reschedule the sentencing hearing. But in any event, I think it is good to take away the lesson from this to be, to be, is there anything else? I would like to make a, I believe that the second issue is the issue that's important to the Court, and I would like to just make a few points about it. The cases that the defendant relied upon to show prosecutorial misconduct were all trial cases. They were all cases where it was before a jury, the evidence was presented before a jury at the guilt phase. And obviously the Court has recognized that this was just a, this was a judge, not a jury, and the judge knows the law, is presumed to know the law and apply it correctly. And the judge has said, I'm going to limit myself to this case. So he applied sort of a cautionary structure on himself. Correct. I also would like to point out the language that the judge used in arriving at his sentence. And that was, he said, he talked about the conduct being similar to the underlying offense. And that was what was so offensive to the Court. The conduct that was proved before him was virtually the same conduct that caused the defendant to be convicted of the underlying, in the underlying case. Also, the time, the timing of the violation. The judge was concerned that the defendant, in his words, was out less than a month before he was back committing the same conduct that got him incarcerated in the first place. You know, we have a debrief. Okay. In that case, Your Honor, I will submit. And in case this order was passed amicably.
judges: B. Fletcher, Kozinski, Fisher